# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15-cv-6706 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| WRIGHT MEDICAL GROUP, INC., a Delaware corporation; WRIGHT MEDICAL TECHNOLOGY, INC., a Delaware corporation, WRIGHT MEDICAL EUROPE, S.A., a foreign corporation; BIOMEDICAL ASSOCIATES, INC., and JAMES BLOOM, individually, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER AND OPINION

In this product liability lawsuit, Plaintiff Stephen Kelly ("Plaintiff") brings suit against Defendants Wright Medical Group, Inc., Wright Medical Technology, Inc. ("Wright Medical"), Wright Medical Europe, S.A., Biomedical Associates, Inc., and James Bloom (collectively, "Defendants") for damages incurred in connection with an allegedly defective "PROFEMUR" total hip replacement implant. Plaintiff originally filed suit in state court in Cook County, Illinois [2-1]. Wright Medical removed the action to this Court on the basis of diversity jurisdiction. [2]. Currently before the Court is Wright Medical's motion [5] to transfer venue to the Central District of Illinois pursuant to 28 U.S.C. § 1404(a). For the reasons explained below, Wright Medical's motion is granted. This matter will be transferred to the Central District of Illinois for all further proceedings.

**I.   Background[1]**

The PROFEMUR is an artificial hip replacement system that was designed, manufactured, marketed, sold, and distributed by Defendants Wright Medical, Wright Medical Group, Inc. and Wright Medical Europe, S.A. (collectively, the "Wright Defendants"). Wright Medical is a Delaware corporation that is registered and/or licensed to do business in Illinois and regularly conducts business in Cook County, Illinois (within the Northern District). Wright Medical Europe, S.A. is a foreign corporation with its principal place of business in France. Wright Medical and Wright Medical Europe, S.A., are wholly-owned subsidiaries of Wright Medical Group, Inc., a Delaware Corporation.

At all times relevant to the complaint, Defendant James Bloom ("Bloom") was the exclusive sales agent and distributor for PROFEMUR in Illinois. Bloom was the president of Defendant Biomedical Associates, Inc. ("Biomedical Associates"). Biomedical Associates was an Illinois corporation with its principal place of business in Lemont, Illinois (in the Northern District of Illinois). Biomedical Associates was registered and/or licensed to do business in Illinois and Biomedical Associates and Bloom regularly conducted business in Cook County, Illinois (in the Northern District of Illinois). Typically, an agent or employee of Biomedical Associates would deliver the PROFEMUR to the implanting surgeon in the hospital operating room and would be present during the implanting procedure.

Plaintiff was a resident of Vermilion County (in the Central District of Illinois) at all times relevant to this suit. Before January 26, 2006, Plaintiff began medical treatment for right hip arthritis with Dr. Paul F. Plattner ("Dr. Plattner"). Dr. Plattner determined that Plaintiff met the criteria for a total hip replacement on his right hip. On January 26, 2006, Dr. Plattner

---

[1] For purposes of the instant motion, the Court accepts as true the allegations set forth in Plaintiff's complaint. The Court takes additional facts from the parties' briefs on the motion to transfer. See [6], [17], [18].

2

implanted a PROFEMUR into Plaintiff's right hip. The PROFEMUR was sold and the surgery was performed in Danville, Illinois (in the Central District of Illinois).

According to Plaintiff, the Wright Defendants, Biomedical Associates, and Bloom knew at the time of Plaintiff's surgery that the PROFEMUR was defective and harmful to consumers. Prior to Plaintiff's surgery, Defendants had regular and frequent contacts from surgeons who had implanted the PROFEMUR (including Plaintiff's surgeon) about failures and complications of the PROFEMUR.

On April 5, 2013, Dr. Michael C. Moran ("Dr. Moran") removed the PROFEMUR from Plaintiff's hip and replaced it with another hip prosthesis. The surgery was performed in Urbana, Illinois (in the Central District of Illinois).

Plaintiff and the Wright Defendants entered into a tolling agreement beginning October 2, 2014 and ending June 17, 2015. On June 16, 2015, Plaintiff brought suit against the Wright Defendants, Biomedical Associates, and Bloom in the Circuit Court of Cook County, Illinois (which is situated in the Northern District). See [2-1]. Plaintiff's complaint contains the following claims: (I) strict product liability against the Wright Defendants; (II) negligence against the Wright Defendants; (III) breach of warranty against the Wright Defendants; (IV) strict product liability against Biomedical Associates; and (V) strict product liability against Bloom. On July 31, 2015, Wright Medical removed the lawsuit to this Court on the basis of diversity jurisdiction.[2]

---

[2] Defendants Wright Medical Europe, S.A., Biomedical Associates, Inc., and James Bloom have not filed answers or appearances in this action. The docket sheet shows that Alstom Power, Inc. filed a motion to intervene in this action on September 8, 2015 [14]; however, the motion is not properly before this Court before Alstom did not notice the motion for a hearing. Alstom is free to renew its motion in the Central District.

## II.     Analysis

Wright Medical moves pursuant to 28 U.S.C. § 1404(a) to transfer this matter from the Northern District of Illinois, Eastern Division (in Chicago), to the Central District of Illinois (which has courthouses in Peoria, Rock Island, Springfield, and Urbana). Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

Section 1404(a) authorizes the Court to transfer matters based on a "case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988). Therefore, the Seventh Circuit "grant[s] a substantial degree of deference to the district court in deciding whether transfer is appropriate." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977-78 (7th Cir. 2010). The Court may transfer a case under section 1404(a) when: "(1) venue is proper in the transferor district; (2) venue is proper in the transferee district; (3) the transfer will serve the convenience of the parties and witnesses; and (4) the transfer will serve the interests of justice." *Hanover Ins. Co. v. N. Bldg.. Co.*, 891 F. Supp. 2d 1019, 1025 (N.D. Ill. 2012). The Court will consider these factors in turn.

### A.     Is venue proper in the transferor and transferee districts?

As to the first two factors, Plaintiff and Wright Medical agree that venue is proper both in this district and in the Central District of Illinois, but do not discuss why. See [17] at 2.

The Court concludes that venue is proper in this District. Venue in an action removed from state court to federal court is governed by 28 U.S.C. § 1441. *Scherr v. W. Sky Fin., LLC*, 77 F. Supp. 3d 770, 773 (N.D. Ill. 2015). Under section 1441, actions may be removed to "the district court of the United States for the district and division embracing the place where such

action is pending." 28 U.S.C. § 1441(a). Because the instant action was removed from the Circuit Court of Cook County, Illinois, the instant Court is the court for the district and division where the action was pending. See *Scherr*, 77 F. Supp. 3d at 773.

The Court concludes that venue would be proper in the Central District, as well, because it is a district "where [the action] might have been brought." 28 U.S.C. § 1404(a). Pursuant to 28 U.S.C. § 1391(b), "[a] civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Subsection (1) is inapplicable because none of the Wright Defendants are residents of Illinois. Therefore, the Court must examine under subsection (2) whether "a substantial part of the events or omissions" giving rise to Plaintiff's claim occurred in the Central District. 28 U.S.C. § 1391(a). While the PROFEMUR was designed and manufactured outside of Illinois (see [17] at 3), Plaintiff had the PROFEMUR implanted in the Central District and incurred his injuries in the Central District. The surgery and resulting injury formed a substantial part of the events giving rise to Plaintiff's claim. Cf. *Sellers v. Boehringer Ingelheim Pharm., Inc.*, 881 F. Supp. 2d 992 (S.D. Ill. 2012) (in diversity action against drug manufacturer for strict products liability, negligence, breach of warranty, and related claims, venue was proper in the Southern District of Illinois, where the plaintiff was prescribed and allegedly injured by manufacturer's drug); *Kopfman v. Ensign Ribbon Burners, LLC*, 803 F. Supp. 2d 914 (N.D. Ill. 2011) (in negligence action against manufacturer for damages allegedly sustained from oven

5

explosion, venue was proper in the Northern District of Illinois, where the oven exploded). Therefore, the Court concludes that venue would be proper in the Central District and is also proper in this District.

### B. Will transfer serve the convenience of the parties and witnesses?

"In evaluating the convenience of the parties and witnesses, courts weigh the following factors: (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums." *Hanover Ins. Co.*, 891 F. Supp. 2d at 1025 (citing *Allied Van Lines, Inc. v. Aaron Transfer & Storage, Inc.,* 200 F.Supp.2d 941, 946 (N.D. Ill. 2002)). Wright Medical "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). Considering the five factors together, the Court concludes that Wright Medical has met its burden.

First, the "plaintiff's choice of forum is generally given substantial weight, particularly when it is the plaintiff's home forum." *Aldridge v. Forest River, Inc.*, 436 F. Supp. 2d 959, 960-61 (N.D. Ill. 2006). The plaintiff's choice of forum is entitled to less deference, however, when "another forum bears a stronger relationship to the dispute or the plaintiff's choice of forum has no connection to the material events in question." *Id.* (citing *Chicago, Rock Island & Pac. R.R. Co. v. Igoe,* 220 F.2d 299, 304 (7th Cir. 1955)). In this case, the Court gives some, but not substantial, deference to Plaintiff's choice of forum. The Central District of Illinois bears a stronger relationship to the dispute than the Northern District of Illinois, because that is where Plaintiff's surgeries and medical treatment took place. By contrast, it is not clear that any of the events giving rise to this lawsuit occurred within the Northern District.

Second, the Central District was a situs of material events because it is where Plaintiff's surgery, medical treatments, and injury occurred. Neither party has identified any material events that occurred within this District.

The parties do not specifically address the third factor, so the Court will skip to the fourth factor, the convenience of the witnesses. Plaintiff's medical providers and witnesses with knowledge about Plaintiff's surgeries are all located in the Central District, within the Central District's subpoena power. See [18-1] at 2 (list of potential witnesses with knowledge concerning Plaintiff's care, treatment, and damages). They are not within this Court's subpoena power. While Plaintiff contends that this is not a concern because he will "endeavor to make these witnesses available to testify at trial" ([17] at 4-5), Plaintiff ultimately has no control over the matter. The Court concludes that "the presence of third party witnesses outside the subpoena power of this court is a factor which weighs heavily in favor of transferring." *Sky Valley Ltd. P'ship v. ATX Sky Valley, Ltd.*, 776 F. Supp. 1271, 1277 (N.D. Ill. 1991).

Finally, the Court must consider the convenience of the parties. Plaintiff contends that the Northern District is convenient for him, but does not discuss whether the Central District (where he lives) would be convenient as well. Plaintiff also contends that the Northern District would be more convenient for the Wright Defendants and their employees, because they are located outside Illinois (mostly in Memphis, Tennessee, see [17-1] at 3-4), and would need to fly through O'Hare Airport in Chicago to get to either the Northern District or the Middle District. The Wright Defendants obviously disagree, since they seek to move the case to the Central District. In any event, "the convenience of witnesses who are employed by the parties * * * is not an important consideration, because their participation in the suit will be obtained as part of their employment, rather than by their own willingness or the Court's subpoena power, and their

compensation and expenses will be paid by their employers." *Caterpillar, Inc. v. ESCO Corp.*, 909 F. Supp. 2d 1026, 1031 (C.D. Ill. 2012). See also *Qurio Holdings, Inc. v. Comcast Cable Commc'ns, LLC*, 2015 WL 535981, at *3 (N.D. Ill. Feb. 9, 2015) ("the overwhelmingly predominant view among district courts in the [Seventh [Ci]ircuit is that because party witnesses are likely to appear voluntarily, the convenience factor is less significant with regard to party witnesses than non-party witnesses").

Considering all five factors by reference to the particular circumstances of the case, the Court concludes that the Central District of Illinois is clearly a more convenient forum than the Northern District of Illinois. See *Coffey*, 796 F.2d at 219-20.

### C.  Will transfer serve the interests of justice?

"In considering the interests of justice, courts weigh additional factors, including: (1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the desirability of resolving controversies in each locale; and (4) the relation of each community to the occurrence at issue." *Hanover Ins. Co.*, 891 F. Supp. 2d at 1025.

Considering the factors in turn: First, the case may or may not proceed more quickly to trial in the Central District. Plaintiff points out that the median average time from filing to trial is 30.7 months in the Northern District versus 36.8 months in the Central District. [17] at 6. However, the Northern District has more cases than the Central District that are over three years old, as well as a higher number of filings and cases per judge. See [18] at 6. Second, this Court and the Central District are equally familiar with applicable Illinois law. Third, given the absence of any connection between this District and Plaintiff's claim, the Court finds that it would be more desirable for the parties' controversy to be resolved in the Central District. Fourth and finally, the Central District has a stronger relation to the occurrence at issue: Plaintiff

resides in the Central District, was treated by doctors in the Central District, and suffered injuries in the Central District.

For these reasons, the Court concludes that transfer would serve the ends of justice.

## III. Conclusion

The Court concludes that this matter should be transferred to the Central District of Illinois because: (1) venue is proper in the Northern District of Illinois based on the removal statute; (2) venue would also be proper in the Central District of Illinois, because that is where a substantial portion of the events giving rise to Plaintiff's claims occurred; (3) transfer will serve the convenience of the parties and witnesses, especially the non-party medical witnesses who are all located in the Central District beyond this Court's subpoena power; and (4) transfer will serve the interests of justice because Plaintiffs' claims have a clear and strong connection to the Central District and no apparent connection to the Northern District. Therefore, the Court grants Wright Medical's motion [5] to transfer venue. This matter will be transferred to the Central District of Illinois for all further proceedings.

Dated: February 25, 2016

Robert M. Dow, Jr.
United States District Judge